No. 790

GAFF ESTATE CO. v. GROTE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2785. Decided May 24, 1926

708. LEASES—Damages cannot be recovered by lessor when by reason of the manufacture of lessee's product, the premises are injured, such manufacture being conducted in the usual and customary manner.

355. DAMAGES—Such damage is the result of the usual practice in carrying on the business and comes within the term ordinary wear and tear.

BUCHWALTER, J. P.

This action was brought in the Hamilton Common Pleas by the Gaff Estate Co. against W. B. Grote for the purpose of recovering damages alleged to be the result of a breach of condition of a written lease which provided that the lessee (Grote) was to make "all repairs necessary to keep and maintain the premises in as good order as they now are, (ordinary wear and tear excepted) except as to the roof and unless same be destroyed or injured by fire."

The lease was to begin on May 1, 1920 and run for a period of five years. It was provided that it might be terminated by either party on three months notice. Such a notice was given to the Estate Co. and Grote continued to occupy the premises with consent of the lessor for the next three months. The jury in the lower court returned a verdict for Grote and judgment was rendered accordingly.

Error was prosecuted and it was claimed that the court erred in giving special requests of Grote. It seems that Rachel Gaff since

1898, entered into similar leases with the American Chemical Co. of which Grote was president. It was conceded by the Gaff Co.· that Grote, d. b. a. The American Chemical Co., manufactured sal soda. It is claimed by Grote that the Estate Co. had knowledge of the business engaged in by Grote and therefore could not recover damages. The Court of Appeals held:

1. The evidence as to what use the premises were put to from 1898 until May, 1920, under leases made practically between the same parties, was admissible to show knowledge on part of the lessor as to the purpose for which the building was to be used under the lease beginning in May, 1920.

2. In respect to the manufacture of sal soda the court in its charge stated, "all of which was known to the plaintiff." This was not improper as the only evidence upon the subject shows that the Estate Co., by its agent, knew for what purposes the premises were being used.

3. The court charged that if the manufacture of sal soda was carried on in the usual and customary way the Estate Co. cannot recover, even though some injury was done to the premises.

4. Such damage as is the result of the usual practice in carrying on such business comes within the term, ordinary wear and tear.

5. Although the burden of proving that waste, not in accordance with what would be considered ordinary wear and tear, was committed, is upon the Estate Co.; when this has been shown then Grote must sustain his contention that the damage is within the provision of ordinary wear and tear under the rule of customary usage.

6. There was no competent evidence to show that the defendant manufactured his product in the usual and customary way, except as to ingredients which were used; and the defendant has introduced no evidence of any attempt to prevent spillage of the mixture upon the floor, in the manufacture of the sal soda.

Judgment therefore reversed and cause remanded.

**Attorneys**—Oliver S. Bryant for Estate Co.; John C. Healy for Grote; both of Cincinnati.